UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| CLARENCE L. BENJAMIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:23-CV-78 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court pursuant to 28 U.S.C. § 636 and an Order of Reference [Doc. 15] from the District Court for a Report and Recommendation addressing the portion of Petitioner's Motion to Vacate, Set Aside or Correct His Sentence and supporting Memorandum [Docs. 1, 12] in which he asserts that his trial counsel provided ineffective assistance by failing to timely file a notice of appeal on Petitioner's behalf despite being instructed by Petitioner to do so. The United States has filed a response to the motion [Doc. 14]. For the reasons set forth herein, the Court **RECOMMENDS** that Petitioner's motion be **DENIED.**

I.  **BACKGROUND**

On July 5, 2023, Petitioner filed the pending petition [Doc. 1] and subsequently filed a supporting memorandum [Doc. 12]. Thereafter, the Government filed a response [Doc. 14]. On August 9, 2024, the District Court entered an Order referring this matter to the undersigned to conduct an evidentiary hearing addressing Petitioner's claim that his trial counsel failed to file a notice of appeal despite Petitioner's explicit instructions to do so. [Doc. 15]. In his written filing, Petitioner asserted that his trial counsel "failed to file a notice of appeal or direct appeal after being instructed to do so" and further alleged that "[c]ounsel knew that [he] had questions regarding being penalized for 'ACTUAL' methamphetamine." [Doc. 1, p. 5]. As the record reflects, no appeal was filed.

This Court scheduled a hearing to address the issue on September 24, 2024. Petitioner and his current counsel, Wayne Stambaugh, Assistant United States Attorney J. Christian Lampe, and Petitioner's former counsel, Dan Smith, all appeared for the hearing. After the case was called, Mr. Stambaugh announced to the Court that Petitioner wanted to withdraw his claim that Mr. Smith provided ineffective assistance by failing to file a notice of appeal on Petitioner's behalf. Mr. Stambaugh further advised that he had thoroughly investigated Petitioner's claim of ineffective assistance and had discussed the claim with Petitioner in detail. The Court then placed Petitioner under oath and asked Petitioner whether he did in fact want to withdraw his claim that Mr. Smith provided ineffective assistance by failing to file a notice of appeal. Petitioner confirmed that he wanted to withdraw the claim. In addition to the Court taking Petitioner's testimony on this issue, the Court directed Mr. Stambaugh to file a notice of withdrawal so that the record would clearly reflect that Petitioner had withdrawn his claim.

## II. CONCLUSION

Given Petitioner's clearly expressed and unequivocal desire to withdraw his claim that Mr. Smith provided ineffective assistance by failing to timely file an appeal on Petitioner's behalf despite being specifically instructed to do so, the undersigned **RECOMMENDS** that Petitioner be permitted to withdraw this claim and **FURTHER RECOMMENDS** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] based upon ineffective assistance of counsel be **DENIED**.[1]

Respectfully Submitted,

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

---

[1] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).